PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TATONKA EDUCATION SERVICES, INC. PBC, | ) ) ) | CASE NO. 4:23-CV-0091 |
| Plaintiff/Counter-Defendant, | ) ) | |
| v. | ) ) | JUDGE BENITA Y. PEARSON |
| YOUNGSTOWN PREPARATORY ACADEMY, | ) ) ) ) | |
| Defendant/Counter-Plaintiff. | ) ) | **ORDER** [Resolving ECF No. 14] |

Pending before the Court is Plaintiff/Counter-Defendant Tatonka Education Services, Inc. PBC's Motion to Dismiss Counterclaims. ECF No. 14. Defendant/Counter-Plaintiff, Youngstown Preparatory Academy, filed a response in opposition (ECF No. 19), and Plaintiff/Counter-Defendant filed a reply in support of its Motion (ECF No. 21). For the following reasons, the Court denies Plaintiff/Counter-Defendant's Motion in part and grants it in part.

**I. Background**

On May 31, 2022, Plaintiff/Counter-Defendant Tatonka Education Services, Inc. PBC ("Tatonka") and Defendant/Counter-Plaintiff Youngstown Preparatory Academy ("YPA") fully executed a Fiscal Officer Services Agreement with a Contracting Period from May 17, 2022 to June 30, 2025.[1] ECF No. 14 at PageID #: 78. On September 16,

---

[1] YPA's Answer and Counterclaim (ECF No. 13) states that the parties entered into the original contract on May 17, 2022; however, the Motion to Dismiss (ECF No. 14) and

(4:23-CV-0091)

2022, the parties entered an amendment to the contract (Financial Services Agreement Amendment to Include Human Resource Package). ECF No. 14 at PageID #: 80. According to the parties' amended contract, Tatonka agreed to provide financial management and human resource services to YPA during the Contracting Period. On or about December 20, 2022, YPA unilaterally terminated the contract, a decision that Tatonka only learned of on or about December 30, 2022. ECF No. 14 at PageID #: 81.

On January 17, 2023, Tatonka filed its Complaint, alleging two causes of action against YPA: 1) Breach of Contract and 2) Breach of Implied Covenant of Good Faith and Fair Dealing. ECF No. 1 at PageID #: 9–10. YPA filed an answer and counterclaims for (1) Breach of Contract, (2) Material Breach, and (3) Breach of Implied Covenant of Good Faith and Fair Dealing against Tatonka. ECF No. 13. Tatonka subsequently filed a Motion to Dismiss all the counterclaims against it. ECF No. 14. The Motion to Dismiss has been fully briefed.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss may be granted if the moving party demonstrates that the opposing party failed to state a claim upon which relief can be granted. Defendant/Counter-Plaintiff's counterclaim should only be dismissed for failure to state a claim if "it appears beyond doubt that the [counter-]plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561 (2007). In other words, "any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown

---

the contract appended as an exhibit to Tatonka's Complaint (ECF No. 1-1) clearly indicate that both parties signed and dated the original contract on May 31, 2022.

2

(4:23-CV-0091)

from the face of the pleadings." *Id.* As part of its review of the pleadings relevant to a Rule 12(b)(6) motion, the Court may also reference "[a] copy of a written instrument that is an exhibit to a pleading" pursuant to Federal Rule of Civil Procedure 10(c). When evaluating a Rule 12(b)(6) motion, "the district court must 'construe the [counterclaim] in the light most favorable to the [counter-]plaintiff and accept all factual allegations as true.'" *Adkisson v. Jacobs Eng'g Grp., Inc.*, 790 F.3d 641, 647 (6th Cir. 2015) (citing *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014)).

### III. Discussion

Tatonka's Motion to Dismiss seeks to dismiss all counterclaims. In Counterclaim I[2], YPA alleges that Tatonka breached their amended contract. ECF No. 13 at PageID #: 72. In Counterclaim II[3], YPA claims that Tatonka materially breached their amended contract. ECF No. 13 at PageID #: 73. In Counterclaim III[4], YPA contends that Tatonka breached the implied covenant of good faith and fair dealing. ECF No. 13 at PageID #: 74. Given that the Court is sitting in diversity, the *Erie* doctrine instructs the Court to apply substantive law of the forum state and federal procedural law. *Yates v. Ortho-McNeil-Janssen Pharms., Inc.*, 808 F.3d 281, 289 (6th Cir. 2015); *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938)). Because the applicable forum state is Ohio, the Court will apply Ohio substantive law to each of the counterclaims.

**A. Counterclaim I – Breach of Contract and Counterclaim II – Material Breach**

---

[2] YPA labels Counterclaim I as "Count I" in its pleading.
[3] YPA labels Counterclaim II as "Count II" in its pleading.
[4] YPA labels Counterclaim III as "Count III" in its pleading.

3

(4:23-CV-0091)

In its Motion to Dismiss, Tatonka argues that YPA's Counterclaim I (breach of contract) and Counterclaim II (material breach) must be dismissed because they were inadequately pled. First, Tatonka argues that Counterclaim I must be dismissed because YPA failed to establish its own performance under the amended contract, an essential element of a breach of contract claim. Second, Tatonka claims that Counterclaim II must be dismissed because performance by YPA was possible; the doctrine of first material breach bars this counterclaim; and YPA fails to discern between material and nonmaterial breaches. YPA maintains that its Counterclaims I and II should not be dismissed because it has established a prima facie case for each of them.

Under Ohio law, "to establish a claim for breach of contract, a [counter-]plaintiff must prove: (1) the existence of a contract, (2) performance by the [counter-]plaintiff, (3) breach by the [counter-]defendant, and (4) damages or loss resulting from the breach." *In re Fifth Third Early Access Cash Advance Litig. v. Fifth Third Bank*, 925 F.3d 265, 276 (6th Cir. 2019) (citing *Claris, Ltd. V. Hotel Dev. Servs., LLC*, 2018-Ohio-2602, 104 N.E.3d 1076). Regarding the first element, both parties concede that they entered into a valid amended contract; therefore, the first element is undoubtedly established. YPA has also adequately pled the third and fourth elements because it provides numerous examples of Tatonka's breaches, which, YPA claims, proximately resulted in it suffering economic damages. For example, YPA alleges that Tatonka failed to make timely payments to the State Employee Retirement System of Ohio, to timely pay utility bills and medical insurance premiums, and to remit unemployment taxes on behalf of YPA, amongst other failures. ECF No. 13 at PageID #: 70–71. These alleged contract breaches led to accrued interest charges and/or penalties that YPA is responsible for paying. ECF No. 13 at PageID

4

(4:23-CV-0091)

#: 70–72. As to the second element, the parties dispute whether YPA sufficiently established its own performance under the amended contract or whether it was even required to establish this fact.

The analysis of the second element of the breach of contract counterclaim (Counterclaim I) inevitably intersects with the evaluation of the material breach counterclaim (Counterclaim II). To establish the second element of its breach of contract counterclaim, YPA does not assert that it performed the contract; rather, it maintains that it was excused from performance because, as alleged in Counterclaim II, Tatonka materially breached the contract first.

Ohio courts have recognized the doctrine of first material breach, which provides that "a non-breaching party to a contract is excused from complying with conditions of the contract, when the party for whose benefit the condition operates has already materially breached the contract." *Jackson v. State Farm Fire & Cas. Co.*, 461 F. App'x 422, 426 (6th Cir. 2012) (quoting *Brakefire, Inc. v. Overbeck*, 144 Ohio Misc.2d 35, 878 N.E.2d 84, 101 (2007)); *see also CosmetiCredit, L.L.C. v. World Fin. Network Natl. Bank*, 2014-Ohio-5301, ¶ 26, 24 N.E.3d 762, 772 (stating that a non-breaching party is discharged from performing the remainder of the contract if the breaching party materially breaches the contract).

It is well-settled in Ohio that a material breach of contract is "a failure to do something that is *so fundamental* to a contract that the failure to perform defeats the essential purpose of the contract or makes it impossible for the other party to perform." *Price v. KNL Custom Homes, Inc.*, 2015-Ohio-436, ¶ 32, 28 N.E.3d 640, 651 (quoting *Marion Fam. YMCA v. Hensel*, 2008-Ohio-4413, ¶ 7, 178 Ohio App. 3d 140, 142–43, 897

5

(4:23-CV-0091)

N.E.2d 184, 186).  To determine whether Tatonka materially breached the amended contract, the Court must consider the following five factors that Ohio has adopted from the Restatement (Second) of Contracts (1981):

> [(1)] the extent to which the injured party will be deprived of the expected benefit, [(2)] the extent to which the injured party can be adequately compensated for the lost benefit, [(3)] the extent to which the breaching party will suffer a forfeiture, [(4)] the likelihood that the breaching party will cure its breach under the circumstances, and [(5)] the extent to which the breaching party has acted with good faith and dealt fairly with the injured party.

*Software Clearing House, Inc. v. Intrak, Inc.*, 66 Ohio App.3d 163, 170–71, 583 N.E.2d 1056 (Ohio Ct. App. 1990); *Freeman Indus. Prods., L.L.C. v. Armor Metal Grp. Acquisitions, Inc.*, 2011-Ohio-1995, ¶ 31, 193 Ohio App. 3d 438, 449, 952 N.E.2d 543, 551.  If these factors weigh in favor of the injured party, then the Court may find that the breaching party materially breached the amended contract.

To evaluate the first factor of a material breach counterclaim, the Court must first ascertain the benefit that YPA expected from the amended contract.  The parties' amended contract clearly indicates that YPA expected Tatonka to provide financial management and human resource services to YPA throughout the Contracting Period.  YPA's counterclaim pleading lists Tatonka's numerous breaches of the amended contract, clearly establishing the extent to which YPA was deprived of the expected benefits of the amended contract.  Taking YPA's allegations as true, the aggregation of Tatonka's breaches defeated the essential purpose of the amended contract, depriving YPA of its expected benefits from the amended contract.  The first factor of the material breach counterclaim analysis heavily weighs in favor of YPA.

6

(4:23-CV-0091)

Regarding the second factor, YPA provides that it accrued interest charges and/or penalties as a proximate result of Tatonka's breach of the amended contract. ECF No. 13 at PageID #: 70–71. Thus, upon proper calculation of the economic damages suffered, it is possible for YPA to be adequately compensated for the lost benefit. The second factor, therefore, also weighs in favor of YPA.

The third factor directs the Court to evaluate the extent of the breaching party's forfeiture. Tatonka will have suffered a forfeiture of the remaining payments it anticipated receiving from YPA had the amended contract not been prematurely terminated. YPA unilaterally terminated the amended contract approximately seven months into a roughly three-year contract. Therefore, Tatonka will forfeit the large majority of the payments it anticipated receiving from YPA especially because the amended contract contemplated a monthly installment payment plan. ECF No. 1-1 at PageID #: 14. The third factor weighs more in favor of Tatonka given the extent of its forfeiture as a result of this contract termination.

As to the fourth factor, under the current circumstances, Tatonka will unlikely be able to cure its breach. YPA has already sought a third-party vendor to remedy the damages allegedly caused by Tatonka. ECF No. 13 at PageID #: 72. Additionally, because YPA alleges that it already accrued interest and/or penalties from Tatonka's failures and Tatonka's breaches were so great as to defeat the essential purpose of the amended contract, it appears unlikely that Tatonka will be able to cure. Therefore, this fourth factor weighs in favor of YPA.

Lastly, YPA alleges that Tatonka breached the implied covenant of good faith and fair dealing by failing to provide the contracted services. ECF No. 13 at PageID #: 74.

(4:23-CV-0091)

YPA provides sufficient information in its pleading to show the Court that the fifth factor of a material breach of contract analysis also weighs in its favor.

Tatonka argues that even if it had materially breached the amended contract, as alleged by YPA, it was still possible for YPA to follow through with its obligations regarding contract termination and dispute resolution. Although it is true that, despite Tatonka's alleged breaches, YPA, in theory, had the ability to notify Tatonka about the breaches in writing, to give Tatonka thirty business days to cure the alleged breaches, and to attempt dispute resolution, YPA was under no obligation to do so given that it has established a prima facie counterclaim against Tatonka for material breach of contract. *See Marion Fam. YMCA v. Hensel*, 2008-Ohio-4413, ¶ 7, 178 Ohio App. 3d 140, 142, 897 N.E.2d 184, 186 ("[g]enerally, a material breach of contract will entitle a party to stop performance"). Having the ability to take an action does not equate to an obligation to do so. The disjunctive conjunction "or" in the definition of "material breach"[5] indicates that the impossibility of performance is sufficient but not necessary for a non-breaching party to be excused from performance when the breaching party has materially breached. If a material breach defeats the essential purpose of the contract but does not necessarily make it impossible for the non-breaching party to perform, the non-breaching party is still excused from performing the contract.

---

[5] A material breach is "a failure to do something that is *so fundamental* to a contract that the failure to perform defeats the essential purpose of the contract or makes it impossible for the other party to perform." *Price*, 2015-Ohio-436, ¶ 32, 28 N.E.3d at, 651 (quoting *Marion Fam. YMCA*, 2008-Ohio-4413, ¶ 7, 178 Ohio App. 3d at 142–43, 897 N.E.2d at 186).

(4:23-CV-0091)

Accepting YPA's allegations as true and viewing them in the light most favorable to YPA, the Court finds that YPA's counterclaim has established a prima facie case against Tatonka for a material breach of contract. Concomitantly, given that YPA has established a prima facie material breach counterclaim, YPA has also adequately pled that it is excused from performing the amended contract. Therefore, YPA's pleading has also satisfied the elements of its breach of contract counterclaim. Despite the defenses that Tatonka raises, YPA has met the pleading standards of Federal Rule of Civil Procedure 8 and has shown a plausible theory that would entitle it to relief for Counterclaims I and II. *See Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). For these reasons, the Court denies Tatonka's Motion to Dismiss as to Counterclaims I and II.

**B. Counterclaim III – Breach of Implied Covenant of Good Faith and Fair Dealing**

Tatonka argues that YPA's Counterclaim III cannot be a standalone claim under Ohio law, because a breach of contract claim "subsumes the accompanying claim for breach of the duty of good faith and fair dealing." ECF No. 14 at PageID #: 89. Courts in Ohio have maintained that while parties can bring a breach of contract claim, there is no "free-standing or independent claim for breach of the covenants of good faith and fair dealing." *Patrick v. CitiMortgage, Inc.*, 676 F. App'x 573, 577 (6th Cir. 2017) (citing *Mortg. Elec. Regis. Sys., Inc. v. Mosley*, No. 93170, 2010 WL 2541245, at *11 (Ohio Ct. App. June 24, 2010)); *see also Lucarell v. Nationwide Mut. Ins. Co.*, 2018-Ohio-15, 152 Ohio St. 3d 453, 464, 97 N.E.3d 458, 469. YPA, as a matter of law, is not entitled to relief on Counterclaim III as a counterclaim independent from Counterclaim I. Consequently, the Court grants Tatonka's Motion to Dismiss Counterclaim III and dismisses YPA's counterclaim of breach of implied covenant of good faith and fair dealing.

(4:23-CV-0091)

## IV. Conclusion

For the foregoing reasons, the Court denies Plaintiff/Counter-Defendant's Motion to Dismiss (ECF No. 14) as to Defendant/Counter-Plaintiff's Counterclaims I and II and grants Plaintiff/Counter-Defendant's Motion as to Counterclaim III.

IT IS SO ORDERED.

| | |
|---|---|
| June 20, 2023 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |